UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:17-cr-51-FtM-38MRM

THOMAS J. FENDICK

## **ORDER**[1]

This matter comes before the Court on the United States of America's Motion to Dismiss Kelly Ann Hoffmeister's Petition to Adjudicate Interest in Property. (Doc. 35). Hoffmeister has not filed a response, and the time to do so has expired. For the following reasons, the Court grants the motion.

## **BACKGROUND**

The Court sentenced Defendant Thomas Fendick for making false statements to Fifth Third Bank during the short sale of a home he owned with his now ex-wife, Hoffmeister. (Doc. 3; Doc. 33). Fendick's fraud was certifying the short sale as an arm's length transaction when it was not. Fendick arranged for a straw purchaser to buy his home and to allow him to live in it. About a month after the fraudulent sale, Fendick and Hoffmeister divorced. Their separation agreement obligated Fendick to pay a $100,000 deficiency loan remaining from the short sale.[2] (Doc. 23-2 at 7).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] At the time of Fendick and Hoffmeister's divorce, the short sale was pending. (Doc. 23-2 at 7). Although Fifth Third Bank accepted the short sale contract, it required Fendick and Hoffmeister to agree to the $100,000 deficiency loan. (Doc. 23-2 at 7).

Nearly five years after the short sale, the Government brought the bank fraud charge against Fendick. He signed a plea agreement (Doc. 3) and pled guilty to the charge (Doc. 16). As part of the plea agreement, he forfeited the home as proceeds of his fraud. (Doc. 3 at ¶ 9).

After the Court accepted Fendick's guilty plea, the Government started forfeiture proceedings. This included the Court issuing a Preliminary Order of Forfeiture. (Doc. 20). Hoffmeister then filed a letter and a document titled, "Seized Asset Claim Form," which the Government has construed as her claim to the home. (Doc. 23; Doc. 23-1; Doc. 35 at 3-4). Hoffmeister has requested "to recover [her] lost (any and all) assets that were lost during [her] divorce that were part of the fraud case[.]" (Doc. 23). In Hoffmeister's letter, she says Fendick did not disclose in their divorce proceedings that he hired a straw person to buy their home. Had she known this information, Hoffmeister says that she would never have agreed to, among other things, signing the debt. She thus now wants to recover money from the sale of the home. She also seeks to recover $190,000 associated with her divorce including structured settlements, retirement plans, and attorneys' fees. The Government moves to dismiss Hoffmeister's claim for lack of standing and failure to state a claim. (Doc. 35).

## DISCUSSION

Third party interests and ancillary proceedings, like at issue here, are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(c). A third party claiming a legal interest in forfeited property may "petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2); *see also* Fed. R. Crim. P. 32.2(c)(1). The petition must "set forth the nature and extent of the petitioner's

right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A).

When deciding a motion to dismiss under these proceedings, the court treats the motion like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)(6). *See United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009). This means the court must assume the facts in the petition as true, and limit its scope of review to the petition's four corners. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, even the most favorable reading of Hoffmeister's letter and attached documents fall short of stating a claim. The nature and extent of Hoffmeister's right, title, or interest in the home is unclear. Nor has she given any facts about the time and circumstances of her acquisition of her interest in the home. This is problematic because the short sale seems to have ended Hoffmeister's ownership of and legal interest in the home. And without a legal interest, she lacks standing to make any claim on the home. *See Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1263 (11th Cir. 2006) (stating a third party must show both constitutional and statutory standing). She appears to rely on the fact that she once owned the home as the basis for bringing this claim – but that alone is not enough.

Hoffmeister's statement that she would never have signed the martial agreement if she knew about her ex-husband's fraud fares no better. This statement rings in equity – not legal interest. Although the Court acknowledges Hoffmeister's frustrated position,

it cannot effectively rewrite her divorce settlement through a criminal forfeiture proceeding. Other avenues for relief are more appropriate. Finally, to the extent Hoffmeister views herself as a victim to her ex-husband's fraud that too does not give her standing. At bottom, she needs a legal interest in the home, which she has not adequately shown, for an ancillary forfeiture proceeding. *See* 21 U.S.C. § 853(n)(6). The Court thus finds good cause to dismiss Hoffmeister's petition without the need for an evidentiary hearing.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion to Dismiss Petition to Adjudicate Interest in Property (Doc. 35) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of October 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record